UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILO GONZALEZ FRANCISCO,<br>Petitioner,<br>v.<br>CALIFORNIA CITY WARDEN,<br>Respondent. | No. 1:26-cv-6194 TLN AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Based on the length of time during which petitioner has been in immigration detention, the court hereby authorizes petitioner to proceed in forma pauperis without prepayment of the filing fee in this action. See 28 U.S.C. § 1914.

I. The Petition

The petition alleges that petitioner has been detained since April 7, 2026, he was ordered removed on or about April 20, 2026, his detention surpasses the 90-day statutory removal period, he was scheduled for a custody review on July 20, he was never taken to an interview, he did not receive a 90-day custody redetermination as required by the Immigration and Nationality Act (INA) § 241(a) or a decision regarding his 90-day custody redetermination. ECF No. 1 at 5-7. Liberally construed, the petition asserts petitioner's detention violates the INA and its implementing regulations and the Due Process Clause.

II. Legal Standard

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

III. Discussion

Detention post-final order of removal is governed by 8 U.S.C. § 1231(a), INA § 241(a). The Attorney General is required to remove noncitizens with a final order of removal within a period of 90 days, unless certain exceptions apply. 8 U.S.C. § 1231(a)(1)(A).

> The *removal period* begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). A removal order becomes administratively final "upon the earlier of—(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). The deadline to file an appeal to the immigration judges' removal order is thirty days. 8 U.S.C. § 1252 (b)(1).

Detention beyond the 90-day removal prior is permitted if the noncitizen fails to cooperate or obstructs removal efforts, 8 U.S.C. § 1231(a)(1)(C), or is inadmissible, removable under specific statutes, or has been determined to be to be a risk to the community or a flight risk, 8 U.S.C. § 1231(a)(6). Under the INA's implementing regulations, prior to the expiration of the removal period, a district director or director of the Detention and Removal Field Office conducts a custody review via record review and review of any written materials submitted by the noncitizen or on his behalf. 8 C.F.R. § 241.4(h)(1). The director will provide a thirty-day written notice in advance of the record review. 8 C.F.R. § 241.4(h)(2). The director will notify the noncitizen of the custody determination. 8 C.F.R. § 241.4(h)(4).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court read an implicit constitutional limitation into 8 U.S.C. § 1231. The Court held that detention under 8 U.S.C. § 1231 is "presumptively reasonable" for a period of six months after being ordered removed. Zadvydas, 533 U.S. at 692, 701.

Here, assuming the facts alleged in the petition are true, petitioner's removal order became final on May 20, 2026, and the 90-day period of removal commenced on May 21, 2026, and expires August 19, 2026. Because the 90-day review period has not expired, petitioner's statutory and regulatory claims are premature.[1]

Moreover, to the extent petitioner claims he has a statutory right to be released if he is not removed within the 90-day removal period, he is incorrect. As noted above, §§ 1231(a)(1)(C) and 1241(a)(6) provide for post-final order of removal detention beyond the 90-day removal period.

To the extent petitioner claims he has a regulatory right to an *interview* for the custody review that happens before the removal period ends, he is also incorrect. The regulations provide that the director "will conduct a records review prior to the expiration of the removal period," which includes review of any written information submitted in English by the noncitizen or on his behalf, and that it is within the director's "discretion [to] schedule a personal or telephonic interview with the alien as part of this custody determination." 8 C.F.R. § 241.1(h)(1).

Lastly, to the extent the petition claims petitioner's detention beyond the 90-day removal period violates his constitutional rights, he is mistaken. Under Zadvydas, petitioner's post-final order of removal is presumptively reasonable for a period of six months after being ordered removed. Because petitioner has been detained less than six months since he was ordered

[1] In the normal course of screening this case, the court checked the status of petitioner's removal proceedings. According to the Executive Office of Immigration Review's (EOIR's) automated case information, available at https://acis.eoir.justice.gov/en/caseInformation, an immigration judge ordered petitioner removed on May 28, 2026, and no appeal was received. Based on these facts, it appears petitioner's removal order became final on June 29, 2026, and the 90-day removal period commenced June 30, 2026 and expires September 28, 2026.

removed, his detention is presumptively reasonable.[2]

Because amendment appears futile at this time, the undersigned recommends that the petition be dismissed as premature.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that petitioner is authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

IT IS HEREBY RECOMMENDED that the petition be dismissed as premature, and the clerk of the court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

[2] This is true regardless of whether petitioner was ordered removed on April 20, 2026, or May 28, 2026.